# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0698
Lower Tribunal No. 23-18280-CA-01
_____

**Marisol Capellan,**
Appellant,

vs.

**University of Miami, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Behren Law Firm and Scott M. Behren (Weston), for appellant.

Isicoff Ragatz and Eric D. Isicoff, Teresa Ragatz, and Christopher M. Yannuzzi, for appellees.

Before GORDO, LOBREE and GOODEN, JJ.

GORDO, J.

Capellan appeals from a final order dismissing her complaint with prejudice against the University of Miami and her former supervisor, Linda L. Neider.  We have jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(a).

The trial court's dismissal rested on two grounds: (1) Capellan's failure to file an amended complaint by a court ordered deadline, which the trial court found reflected "repeated, willful and deliberate" disregard of its orders and (2) the untimely amended complaint's continued failure to state a disparate treatment claim under the Florida Civil Rights Act (FCRA).

Capellan raises several grounds on appeal—only one of which merits discussion.  She argues the trial court erred by failing to make express factor by factor findings pursuant to Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993). But Capellan's argument fails to even get out of the starting gate based on well-established preservation requirements.  Not only has she not provided a transcript of the relevant hearing below, but she also failed to object to the issues she now raises on appeal.[1]  Equally fatal to her argument is her failure

---

[1] Sunset Harbour Condo. Ass'n v. Robbins, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (internal citation omitted)); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.  Without knowing

2

to move for rehearing under rule 1.530. "Florida Rule of Civil Procedure 1.530(a) was amended to provide that '[t]o preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule.' The amendment makes clear that parties must provide the trial court with the opportunity to make required findings of fact to prevent unnecessary reversal of a final order, which is exactly the case here." Goodman v. Ningbo Litesun Elec. Co., Ltd., 398 So. 3d 1020, 1022 (Fla. 4th DCA 2025); see Sarai v. Merch. Capital Group LLC, 433 So. 3d 474, 477 n.2 (Fla. 3d DCA 2026) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule." (quoting Fla. R. Civ. P. 1.530)); Bank of New York Mellon v. Sandhill, 202 So. 3d 944, 945 (Fla. 5th DCA 2016) ("However, in order to preserve as error the failure of the trial court to set forth its Kozel analysis in the order of dismissal, the Appellant

---

the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal."); Jackson v. Echols, 937 So. 2d 1247, 1249 (Fla. 3d DCA 2006) ("As the transcript of the hearing or a statement of the evidence is necessary to provide meaningful appellate review of this issue, and the appellant has been unable to provide one, we are unable to determine whether the trial court abused its discretion, and, therefore, we must affirm.").

was obligated to bring the matter to the trial court's attention by filing a timely motion for rehearing or clarification with a specific request for inclusion of the Kozel factor analysis in an amended order.").  Thus, "[i]t is now well settled that the rule of preservation applies to the improper dismissal of a complaint with prejudice." Vorbeck v. Betancourt, 107 So. 3d 1142, 1148 (Fla. 3d DCA 2012).

Affirmed.